IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHANE G. BOWMAN,                              CV 07-1490-MA

          Plaintiff,                         OPINION AND ORDER

v.

MICHAEL ASTRUE,
Commissioner of Social
Security,

          Defendant.

JULIANA E. COONS
Coons & Coons
P.O. Box 11650
Eugene, OR 97440
(541) 345-4499

          Attorneys for Plaintiff

KARIN J. IMMERGUT
United States Attorney
BRITANNIA I. HOBBS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1158


1 - OPINION AND ORDER

FRANCO L. BECIA
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 MS/901
Seattle, WA  98104-7075
(206) 615-2114

      Attorneys for Defendant

MARSH, Judge.

     Plaintiff Shane G. Bowman seeks judicial review of the Commissioner's final decision denying his April 27, 2005, applications for disability insurance benefits and supplemental security income benefits (benefits) under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f.

     Plaintiff alleges he has been disabled since April 2, 2004, because of Crohn's Disease (chronic inflammatory disease of the intestines), depression, and Post-Traumatic Stress Disorder (PTSD).  Plaintiff's disability claim was denied initially and on reconsideration.  The Administrative Law Judge (ALJ) held a hearing on July 27, 2006, at which plaintiff and a vocational expert testified.  On September 26, 2006, the ALJ issued a decision that plaintiff was not disabled.  On July 7, 2007, the Appeals Council denied plaintiff's request for further review. The ALJ's decision, therefore, was the  Commissioner's final decision for purposes of judicial review.

     Plaintiff seeks an Order from this court reversing the Commissioner's final decision and remanding the case either for immediate payment of benefits or for further development of the

2  - OPINION AND ORDER

record.  For the following reasons, I **REVERSE** the final decision
of the Commissioner and **REMAND** this action for further
proceedings.

### THE ALJ'S FINDINGS

The Commissioner has developed a five-step sequential
inquiry to determine whether a claimant is disabled.  <u>Bowen v.</u>
<u>Yuckert</u>, 482 U.S.137, 140 (1987).  <u>See also</u> 20 C.F.R. § 416.920.
Plaintiff bears the burden of proof at Steps One through Four.
<u>See</u> <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999).  Each
step is potentially dispositive.

At Step One, the ALJ found plaintiff has not engaged in
substantial gainful activity since the alleged onset of his
disability.

At Step Two, the ALJ found plaintiff suffers from Crohn's
Disease, which is a severe impairment under 20 C.F.R. §416.920(c)
(an impairment or combination of impairments is severe if it
significantly limits an individual's physical or mental ability
to do basic work activities).

At Step Three, the ALJ found plaintiff's impairment does not
meet or equal a listed impairment.  20 C.F.R. §416.920©).  The
ALJ found plaintiff has the residual functional capacity to
perform light work that includes the ability to lift and carry
10 lbs frequently and 20 lbs occasionally and to sit at least six
hours in an eight hour day.  Plaintiff will require access to a

3  - OPINION AND ORDER

restroom facility before and after work, at lunch, and during any usual breaks.  He should perform only routine repetitive work that does not involve public interaction in light of his depression, anxiety, and PTSD.

At Step Four, the ALJ found plaintiff is unable to perform his past relevant work as a cable installer, bowling alley cashier and assistant mechanic, construction worker, and electrician.

At Step Five, the ALJ found plaintiff is able to perform a full range of light exertion work, including small products assembler and photocopy machine operator.

Consistent with the above findings, the ALJ found plaintiff was not under a disability and denied his claim for benefits.

## LEGAL STANDARDS

The initial burden of proof rests on the claimant to establish disability.  Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996).  To meet this burden, the claimant must demonstrate the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are

supported by substantial evidence in the record as a whole.
42 U.S.C. § 405(g).  "Substantial evidence means more than a mere
scintilla but less than a preponderance; it is such relevant
evidence as a reasonable mind might accept as adequate to support
a conclusion."  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.
1995).

    The court must weigh all of the evidence whether it supports
or detracts from the Commissioner's decision.  Martinez v.
Heckler, 807 F.2d 771, 772 (9th Cir. 1986).  The Commissioner's
decision must be upheld, however, even if the "evidence is
susceptible to more than one rational interpretation."  Andrews,
53 F.3d at 1039-40.

    The Commissioner bears the burden of developing the record.
DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).  The duty
to further develop the record, however, is triggered only when
there is ambiguous evidence or when the record is inadequate to
allow for proper evaluation of the evidence.  Mayes v. Massanari,
276 F.3d 453, 459-60 (9th Cir. 2001).

    The decision whether to remand for further proceedings or
for immediate payment of benefits is within the discretion of the
court.  Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert.
denied, 121 S. Ct. 628 (2000).  "If additional proceedings can
remedy defects in the original administrative proceeding, a

social security case should be remanded." Lewin v. Schweiker,
654 F.2d 631, 635 (9th Cir. 1981).

## ISSUES ON REVIEW

Plaintiff contends the ALJ erred in failing to give clear
and convincing reasons for rejecting his testimony, failing to
find he has an impairment or combination of impairments that
meets or equals a listed impairment, and finding that he has the
residual functional capacity to perform light work.

Plaintiff also contends the Appeals Council erred in failing
to consider additional evidence presented by plaintiff before
deciding not to review the ALJ's decision.

## RELEVANT RECORD

### PLAINTIFF'S TESTIMONY/EVIDENCE

The following evidence is drawn from plaintiff's testimony,
his disability application, his work and earnings history
reports, and Veteran's Administration (VA) records.

Plaintiff was 24 years old on the date of the Commissioner's
final decision denying his claim for benefits.  He has a high
school diploma with almost two years of college.  He served in
the Army National Guard from 2000-2004.  He participated in
Operation Iraqi Freedom and served a one year tour of duty in a
combat engineer unit in Iraq in 2003-2004, during which time he
was involved in building roads, bridges, and minor structures.

He also performed minor demolition duties.  His unit came under
mortar attacks and small arms fire that involved returning fire.
Two of his friends were killed in combat.  Towards the end of his
tour of duty in Iraq, plaintiff became ill with stomach pains,
cramps, and diarrhea with blood, and loss of weight.  Plaintiff
was awarded the Army Commendation Medal for his service in Iraq.

On his return from Iraq, plaintiff was diagnosed with
Crohn's Disease.  He was honorably discharged from the National
Guard in 2004 and received a service-connected disability rating
of 30% from the VA in May 2005.  The rating was not considered
permanent because there was a likelihood of improvement in his
symptoms relating to Crohn's Disease.  The rating, however, was
increased to 50% in January 2007.  Plaintiff has received VA
counseling for PTSD, which is described as "mild-to-moderate" in
severity.

Plaintiff's prior non-military employment includes work as
a cashier and mechanic in a bowling alley, construction worker,
cable installer, and electrician.

Plaintiff's Crohn's Disease symptoms include stomach pains
and bloating every day that, on a 1-10 scale, range from a 7 to
10 in severity.  The pain is most severe first thing in the
morning before he eats.  His energy level is low.  On average, he
has 5-7 unexpected bowel movements each day that last from 10-15
minutes.

7  - OPINION AND ORDER

## VA DISABILITY RATING

In May 2005, the VA awarded plaintiff a 30% service connected disability because of Crohn's Disease.  Plaintiff's medical records while he was serving in Iraq reflected numerous sick call visits for diarrhea and abdominal pains.  Plaintiff's VA examination otherwise showed he was in good health and had regained all but 10 lbs of weight loss.  Plaintiff continued to have daily abdominal pain but the diarrhea was controlled by medication.  The VA anticipated plaintiff will need "more or increased medications to include steroids to control the abdominal pain associated with Crohn's Disease."  Plaintiff was reporting "energy levels well below what [he considered] as normal."  The VA award was subject to "future review examination" because of "the likelihood of improvement."

In January 2007, the VA increased plaintiff's disability rating to 50% based on a service-connected disability related to a "Major Depressive Disorder Associated with Crohn's Disease."

## MEDICAL TREATMENT EVIDENCE

**Crohn's Disease**.

William Lux, M.D. - Pediatrician.

Shortly after his return from Iraq, plaintiff saw his pediatrician, Dr. Lux, complaining of a bloated feeling and stomach ache for several months with frequent bowel movements and

decreased appetite.  Dr. Lux thought the symptoms were consistent with irritable bowel syndrome.

Oregon Health Sciences University.

In September 2004, plaintiff underwent a colonoscopy based on his complaints of diarrhea, weight loss, abdominal pain and bloating.  The procedure revealed anal stenosis (narrowing of the anal canal) and ulcers, reflecting an abnormal examination.  The test results led to a diagnosis of active Crohn's Disease.

V.A. Medical Center - Kandice Knigge, M.D.

In October 2004, Dr. Knigge, a gastroenterologist, expressed concern that if plaintiff were redeployed to Iraq, "he could have a significant setback in his symptoms" and "his disease would very likely worsen."

As of March 2005, plaintiff was doing well on medication. He was averaging two bowel movements a day without blood.

In October 2006, Dr. Knigge, however, opined plaintiff could not perform light or sedentary work on a regular or continuing basis because of his "inflammatory bowel disease" (Crohn's Disease).  By then, plaintiff's disease involved the bowel as well as the colon.  Dr. Knigge noted that Crohn's Disease is unpredictable and frequently flares up with psychosocial stresses.  Dr. Knigge stated the condition causes severe fatigue and explosive unpredictable diarrhea with associated abdominal pain that occurs even in patients who are "in relative remission

9  - OPINION AND ORDER

from their [gastrointestinal] complaints."  Plaintiff must have constant access to restroom facilities, and he will require "chronic lifelong medical therapy" and may ultimately require surgery.

Dr. Knigge noted plaintiff "had another flareup of his perianal fistula (infectious anal lesion) that required emergency room treatment and IV antibiotics.  Dr. Knigge also noted that although Plaintiff "is compliant with his medications and his appointments and tries his best to go about his activities of daily living," his "main complaint is debilitating/unpredictable fatigue" that "occurs multiple times per month."

**PTSD, Anxiety, Depression**.

Sacred Heart Medical Center.

In August 2004, plaintiff went to the Emergency Room complaining of chest tightness.  He had a pulse of 100, and his heart rate varied.  His symptoms appeared to be stress related.  The treating physician's impression was "Acute panic attack with hyperventilation," and an "underlying anxiety disorder and/or depression, possible post-traumatic stress disorder."

V.A. Medical Center - Ronald Grewenow, M.D.- Internist.

In April 2005, Dr. Grewenow noted plaintiff had "symptoms of depression with elements of [PTSD]" that "does not meet the full diagnostic criteria" and did not amount to "clinical depression."

10 - OPINION AND ORDER

**MEDICAL EVALUATION EVIDENCE**

<u>Sharon Eder, M.D. - Internist</u>.
<u>Linda Jensen, M.D. - Physical Medicine</u>.

In June 2005, Dr. Eder reviewed plaintiff's medical records and briefly noted he suffered from Crohn's Disease but "was doing well" with "significant improvement in symptoms."  She concluded he could lift 10 lbs frequently and 20 lbs occasionally, stand and/or walk 6 hours in an 8 hour day.

In September 2005, Dr. Jensen concurred in this opinion, and noted a brief reference in a medical report that plaintiff was currently doing heavy work 30 hours per week as a landscaper.

<u>Frank G. Lahman, Ph.D. - Psychologist</u>.
<u>Robert Henry, Ph.D. - Psychologist</u>.

In June 2005, Dr. Lahman reviewed plaintiff's medical records and concluded he suffered from non-severe depression and possible PTSD that did not impose any psychological limits on his ability to work.

## <u>ANALYSIS</u>

1.    **<u>Rejection of Plaintiff's Testimony</u>**.

Plaintiff contends the ALJ failed to give clear and convincing reasons for not crediting his testimony regarding the severity of his physical impairments.

A claimant who alleges disability based on subjective symptoms "must produce objective medical evidence of an

underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged. . . .'" Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (quoting 42 U.S.C. § 423(d)(5)(A) (1988)).  See also Cotton v. Bowen, 799 F.2d 1403, 1407-08 (9th Cir. 1986).  The claimant need not produce objective medical evidence of the symptoms or their severity.  Smolen v. Chater, 80 F.3d 1276, 1281-82 (9th Cir. 1996).

If the claimant produces objective evidence that underlying impairments could cause the pain complained of and there is not any affirmative evidence to suggest the claimant is malingering, the ALJ is required to give clear and convincing reasons for rejecting plaintiff's testimony regarding the severity of his symptoms.  Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). See also Smolen, 80 F.3d at 1283.  To determine whether the claimant's subjective testimony is credible, the ALJ may rely on (1) ordinary techniques of credibility evaluation such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) an unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. Id. at 1284 (citations omitted).

Here, there is no evidence that plaintiff is a malingerer.

The ALJ, however, cited several reasons for his conclusion that plaintiff's "symptoms are disproportionate to the objective and clinical findings."  On the record as a whole, and for the following reasons, I find the ALJ's reasons for rejecting plaintiff's testimony are unconvincing.

Although the ALJ agrees plaintiff suffers from Crohn's Disease, contracted during his service in Iraq, the ALJ states plaintiff "did not report his symptoms."  To the contrary, the military record reflects plaintiff made numerous trips to sick call while he was stationed there.

The ALJ states plaintiff has taken medications as prescribed and has complied with his treatment, that his symptoms "wax and wane," and that plaintiff "was doing pretty well."  The ALJ also noted plaintiff was advised he should quit smoking and although he initially did, he started smoking again and using some alcohol.  The ALJ, however, does not cite any evidence from a medical treatment provider that plaintiff's smoking and drinking habits are significantly exacerbating the physical infirmities he suffers as a result of Crohn's Disease.

The ALJ also notes an undated statement in a chart note not long after plaintiff returned from Iraq in 2004 that, apparently in connection with his depression and anxiety, plaintiff expressed the view that he did not want to work and made good

money on unemployment.  The ALJ then notes that in July 2005,
plaintiff stated he was doing heavy work 30 hours a week as a
landscaper, which plaintiff did not report.  No context for each
of these work issues is set forth anywhere else in the record.
Moreover, the ALJ had ample opportunity when plaintiff testified
later to inquire regarding these purported inconsistencies, but
he did not do so.  Finally, the ALJ has specifically found
plaintiff is not capable of the heavy work he had earlier
ascribed to plaintiff.

The ALJ is skeptical of plaintiff's alleged inability to
work because plaintiff is "currently in the [VA] Vocational
Rehabilitation and plans on attending college in the fall with VA
benefits."  The ALJ, however, does not explain or delve into the
connection between those activities and plaintiff's claim that
he is unable to engage in substantial gainful activity.

The ALJ also notes occasions when plaintiff had only 1-2
bowel movements per day  That finding is consistent with some
statements in some medical records at certain times.  The ALJ,
however, failed to add that plaintiff's treating physician
specifically noted the disease is unpredictable with periods of
flares and remissions and it has a significant affect on
plaintiff's energy level.

On this record, I conclude the ALJ did not give clear and

convincing reasons for not crediting plaintiff's testimony regarding the severity of his impairments.

**2.    <u>Failure to Find a Listed Impairment</u>.**

Plaintiff contends the ALJ erred in not finding the medical records establish plaintiff suffers from an impairment or combination of impairments that meets or equals a listed impairment.  I disagree.  There is no evidence that plaintiff's impairments, either singly or in combination, amount to a Listed Impairment.  Moreover, the record is clear that plaintiff's PTSD and resulting depression is mild to moderate.  No doctor has opined or suggested that either individually or in combination, plaintiff's PTSD, depression, and Crohn's Disease meet or equal a Listed Impairment and there is no substantial evidence in the medical records to support such a finding.

**3.    <u>Residual Functional Capacity Finding</u>.**

Plaintiff contends the ALJ erred in finding that plaintiff has the residual functional capacity to perform light work.  The ALJ's finding that plaintiff was not an entirely credible witness was a factor in his residual functional capacity finding.  In light of my conclusion that the ALJ erred in his credibility finding, I also conclude the ALJ's finding regarding plaintiff's work capacity based on that flawed determination is not supported by substantial evidence.  In crediting as true plaintiff's testimony regarding the severity of his impairments, there is at

least a substantial issue as to whether plaintiff is able to perform sedentary or light work.  Accordingly, I find the ALJ's residual functional capacity finding is not supported by substantial evidence.

**4.    <u>Appeals Council Decision</u>.**

Plaintiff also contends the Appeals Council erred in failing to consider additional evidence presented by plaintiff before deciding not to review the ALJ's decision.  The Appeals Council declined to review the ALJ's September 26, 2006, decision and, therefore, did not review Dr. Knigge's October 13, 2006, opinion that plaintiff was not capable of either light or sedentary work.  This court, however, has jurisdiction to consider the additional evidence.  <u>See Bates v. Sullivan</u>, 894 F.2d 1059, 1063-64)(9th Cir. 1993)(the court reviews <u>de novo</u> the Appeals Council's refusal to review the decision of the ALJ where the claimant presented new material to the Appeals Council after the hearing before the ALJ).

On this record, I conclude it is appropriate to remand this matter to the ALJ for further proceedings, during which the ALJ shall consider Dr. Knigge's opinion that plaintiff is unable to perform light or sedentary work.  In addition, the ALJ shall credit as true plaintiff's testimony regarding the severity of his impairments and his limitations related to Crohn's Disease.

## CONCLUSION

For all the reasons stated above, the court **REVERSES** the final decision of the Commissioner and **REMANDS** this action for further proceedings as set forth above.

### REMANDS FOR FURTHER ADMINISTRATIVE PROCEEDINGS

Section 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court." Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002)(citing 20 C.F.R. § 404.1728(a)).  Under 42 U.S.C. § 406(b), "a court may allow 'a reasonable [attorneys'] fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant." *Id*. at 795 (quoting 42 U.S.C. § 406(b)(1)(A)).  Because § 406(b) does not provide a time limit for filing applications for attorneys' fees and Federal Rule 54(d)(2)(B) is not practical in the context of Social Security sentence-four remands, Federal Rule of Civil Procedure 60(b)(6) governs.  Massett v. Astrue, 04-CV-1006 (Brown, J.)(issued June 30, 2008).  See also McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006).  To ensure that any future application for attorneys' fees under § 406(b) is filed "within a reasonable time" as required under Rule 60(b)(6), the Court orders as follows:  If the Commissioner finds Plaintiff is disabled on remand and awards Plaintiff past-due benefits and if, as a result, Plaintiff intends to submit such application for attorneys' fees under § 406(b), Plaintiff shall submit any such

17 - OPINION AND ORDER

application within 60 days from the issuance of the Notice of

Award by the Commissioner.

    IT IS SO ORDERED.

    DATED this  5  day of November, 2008.


                  /s/  Malcolm F. Marsh
                  MALCOLM F. MARSH
             United States District Judge

18 - OPINION AND ORDER